1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

MARK W. FISHER,

            Plaintiff,

         v.

JO ANNE B. BARNHART
Commissioner of the Social
Security Administration,

            Defendant.

Case  No. CV 04-09479 AJW

MEMORANDUM OF DECISION

Plaintiff filed this action seeking reversal of the decision of defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's applications disability insurance benefits and supplemental security income ("SSI") benefits.  The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

### Administrative Proceedings

The parties are familiar with the procedural facts, which are undisputed and are set forth in the Joint Stipulation. [See JS 2-4].  Plaintiff contends that Administrative Law Judge Edward C. Graham (the "ALJ") erred in finding that from November 15, 1993 through plaintiff's date last insured, June 30, 1994, plaintiff retained the residual functional capacity ("RFC") to perform alternative work available in significant numbers in the national economy. The parties

1    have stipulated that the ALJ fairly and accurately summarized the material evidence of record

2    except as delineated in plaintiff's contentions. [JS 4].

### Standard of Review

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or if it is based on the application of incorrect legal standards. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001). Substantial evidence is more than a mere scintilla but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Thomas, 278 F.3d at 954. Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (quoting Consolidated Edison Co. of New York v. N.L.R.B., 305 U.S. 197, 229 (1938)); Thomas, 278 F.3d at 954. The court is required to review the record as a whole, and to consider evidence detracting from the decision as well as evidence supporting the decision. Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999); Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954 (citing Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir.1999)).

### Discussion

### Hypothetical question

The sole disputed issue is whether the ALJ's hypothetical question accurately reflected the ALJ's findings of fact. Plaintiff contends that the ALJ's RFC findings are more restrictive than the limitations in the hypothetical question he posed to the ALJ, and thus the ALJ erred in relying on the vocational expert's testimony to meet the Commissioner's burden to show that plaintiff can perform alternative work available in significant numbers in the national economy.

The ALJ found that plaintiff has the RFC to perform work at all exertional levels with moderate mental limitations in "understanding and remembering *simple* tasks, sustaining concentration and persistence, socially interacting with the general public, and adapting to workplace changes." [AR 233 (italics added)].

1    The ALJ's job at the fifth step in the sequential evaluation procedure is to pose

2    hypothetical questions that set out all of the claimant's impairments for the consideration of

3    the vocational expert, who then "translates these factual scenarios into realistic job market

4    probabilities ...."  Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir. 1999).   Hypothetical

5    questions posed to the vocational expert must accurately describe all of the limitations and

6    restrictions of the claimant that are supported by the record.  Tackett, 180 F.3d at 1101;

7    Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993).  A vocational expert's response to a

8    hypothetical question constitutes substantial evidence only if it is supported by the medical

9    evidence.  Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988).

10    Before posing hypothetical questions to the vocational expert ("VE"), the ALJ asked him

11    to classify plaintiff's past work. [AR 270]. The ALJ instructed the VE that only plaintiff's job

12    as a salesperson in a "Sam Goody" record store qualified as past relevant work.   [AR 270].

13    Citing the DOT, the VE testified that plaintiff's past relevant work was light and semiskilled,

14    with a "Specific Vocational Preparation" ("SVP") level of 3.[1] [AR 254, 270-271].

15    The ALJ then asked the VE a hypothetical question positing a hypothetical individual

16    who was "moderately limited" in "understanding and remembering tasks" (not "simple tasks,"

17    as the ALJ found for purposes of plaintiff's RFC). [AR 233, 270].  The ALJ also said that the

18    hypothetical individual was moderately limited in "sustained concentration and persistence of

19    tasks, socially interacting with the general public, and [in] adapting to work place changes ...."

20    [AR 270].  Those remaining limitations are the same as in the ALJ's RFC finding. [AR 233,

21    270]. The VE testified that the hypothetical individual could "perform past relevant work at the

22    moderate factors associated with the hypothetical." [AR 270].

23

———————————

24        [1]   "Specific vocational preparation" means "the amount of lapsed time required by

25    a typical worker to learn the techniques, acquire the information, and develop the facility
      needed for average performance in a specific job-worker situation," and jobs with an SVP

26    of 3 require "[o]ver 1 month up to and including 3 months." U.S. Dep't of Labor,
      Dictionary of Occupational Titles ("DOT")Appendix C, "Components of the Definition

27    Trailer."

28

The ALJ followed up his initial hypothetical question to the VE by asking whether there was "entry level" work that the hypothetical person could perform with the "moderate mental limitations." [AR 271]. The ALJ, however, did not revise his hypothetical question to specify that the hypothetical person had a moderate limitation in "understanding and remembering simple tasks." The vocational expert testified that the hypothetical individual could perform the "unskilled entry level work" of assembler, packager, and sorter as classified in the <u>DOT</u>. [AR 271]. The ALJ relied on that testimony to find plaintiff not disabled.

Plaintiff contends that the ALJ's hypothetical question positing a moderate limitation in "understanding and remembering tasks" permits the inference that the hypothetical individual is moderately limited in understanding and remembering either simple or complex tasks, whereas the ALJ's RFC finding positing "a moderate limitation in understanding and remembering 'simple' tasks necessarily has the connotation that there is a greater limitation with respect to complex and detailed tasks." [JS 7].

Plaintiff's argument has merit. In order to support a finding that the claimant can perform alternative jobs in the national economy, any hypothetical question posed to a vocational expert must reflect all of the claimant's limitations. <u>Matthews</u>, 10 F.3d at 681; <u>DeLorme v. Sullivan</u>, 924 F.2d 841, 850 (9th Cir. 1991). Because there is an unexplained and potentially significant discrepancy between the ALJ's RFC finding and the limitations he included in his hypothetical questions to the VE, the VE's testimony in response to those hypothetical questions does not constitute substantial evidence supporting the ALJ's finding that plaintiff can perform jobs available in significant numbers in the national economy.

**Choice of remedy**

The choice whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the court. <u>See</u> <u>Harman v. Apfel</u>, 211 F.3d 1172, 1178 (9th Cir.) (holding that the district court's decision whether to remand for further proceedings or payment of benefits is discretionary and is subject to review for abuse of discretion), <u>cert. denied</u>, 531 U.S. 1038 (2000). The Ninth Circuit has observed that "the proper course, except in rare circumstances, is to remand to the agency for additional

investigation or explanation." <u>Moisa v. Barnhart</u>, 367 F.3d 882, 886 (9th Cir. 2004) (quoting <u>INS v. Ventura</u>, 537 U.S. 12, 16 (2002) (per curiam)).   A district court, however,

> should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

<u>Benecke v. Barnhart</u>, 379 F.3d 587, 593 (9th Cir. 2004) (citing <u>Harman</u>, 211 F.3d at 1178). The <u>Harman</u> test "does not obscure the more general rule that the decision whether to remand for further proceedings turns upon the likely utility of such proceedings." <u>Harman</u>, 211 F.3d at 1179.

A remand for further the limited purpose of obtaining additional vocational expert testimony is the appropriate remedy in this case.   <u>Cf.</u> <u>Bunnell v. Barnhart</u>, 336 F.3d 1112, 1115-1116 (9th Cir. 2003)(holding that while the ALJ did not properly reject the opinions of the treating physicians or the claimant's subjective complaints and lay witness testimony, several "outstanding issues" remain to be resolved, including whether, according to a vocational expert, there was alternative work the claimant could perform with all of the limitations supported by the record). On remand, the ALJ shall (1) elicit testimony from a vocational expert as to whether there are jobs available in significant numbers in the national economy that can be performed by a hypothetical person with the precise limitations set forth in the ALJ's RFC finding and (2) issue a new hearing decision.

///

///

///

**Conclusion**

For the reasons stated above, the Commissioner's decision is not supported by substantial evidence and does not reflect application of the proper legal standards. Accordingly, the Commissioner's decision is **reversed**, and this case is **remanded** to the Commissioner for further proceedings consistent with this memorandum of decision.

**IT IS SO ORDERED.**

DATED:   October 5, 2005

                                                            /s/
                                              ANDREW J. WISTRICH
                                              United States Magistrate Judge